Hemphill, Ch. J.
Various errors have been assigned as grounds for reversal.
I shall not consider these in detail.
The point was taken in the pleadings of the defendants that the suit was barred by the statute of limitations. " The plea, it seems, should have been sustained. If the statute commenced running only from the issue of the patent, yet more than four years had elapsed before the institution of suit, and tho bar had been completed ; hut upon other grounds there is no doubt that the judgment must be sustained.
There had been default in the payment of the purchase-money, and the contract hail been rendered null by the plaintiff’s own laches and refusal to perform his engagements. Whether the contract could have at all been set up at the time of the commencement of this suit, by the tender of the money still remaining due, is extremely doubtful; at most, this would depend upon equitable circumstances, satisfactorily accounting for the great delay, and which are not stated in the pleadings. But there was no offer to pay the whole or the balance remaining due on said note. In this state of facts, the coiu-t very properly charged tlie jury that if they believed from the testimony that the plaintiff Whiteman had refused to pay the note, and that the same was given for the land, and that he still refused to pay the same into court, and pleaded that the same was barred by the statute of limitations, they would find for the defendants. This charge was fully as favorable to the plaintiff, if not more so, than was authorized by law. But the succeeding charge *222 was still more favorable to the plaintiff. Whether the propositions he in accordance with law or not, is not material. The error, if any, was in favor of the plaintiff. By that the jury was instructed that if they believed from the testimony that the plaintiff had not refused to pay said note, but thought he liad paid'it by placing notes in the hands of Castlebury, then the plaintiff would be entitled to recover the land or have specific performance or recover of the defendant the amount of money paid their ancestor, with interest from the date of the contract. These instructions take away all ground of complaint from the plaintiff. The rule and principle of law on the question presented in this case, wore discussed in tiie case of Estes v. Browning, 3 vol. Texas Reports. It will bo seen that it is the settled doctrine that the'vendee, if he be in default, cannot defend himself in the possession of the land against the suit of the vendor; much less can he recover the land, enforce specific performance, or recover damages or the penalty of tile bond.
Note 86. — Dunlap v. Wright, 11 T., 697; Robertson t>. Paul, 16 T., 472; Seerest v. Jones, 21 T., 121; Baker v. Rainey, 27 T., 62; Monroe v. Buchanan, 27 T., 241.
lie must purge his default before he can succeed in ids suit.
Whether he will be permitted to purge his default will depend on substantial equities showing a reasonable excuse for not complying with the terms of the contract.
Judgment affirmed.